UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROGER JOHNSON,

                Petitioner,

       v.                                        Case No. 05-C-838

JEFFREY ENDICOTT,

                Respondent.

## ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS

Roger Johnson ("Johnson"), is a prisoner incarcerated pursuant to a Wisconsin state court judgment and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This court previously screened Johnson's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to answer the petition as to the four grounds for relief raised in his petition. The respondent answered the petition and the matter is ready for resolution. The parties have previously consented to the full jurisdiction of a magistrate judge.

**FACTS**

Following a jury trial, on April 23, 2003, Johnson was convicted of one count of substantial battery with the use of a dangerous weapon and as an habitual criminal, in violation of Wisconsin Statutes §§ 939.62, 939.63, and 940.19(3). (Ans. Ex. A.) On June 6, 2003, he was sentenced to eight years in prison to be followed by five years of extended supervision. (Ans. Ex. A.) Johnson sought post-conviction relief in circuit court and subsequently appealed. On March 1, 2005, in an unpublished decision, the court of appeals affirmed his conviction. (Ans. Ex. B.) The Wisconsin Supreme Court denied review on June 2, 2005. (Ans. Ex. C.) Johnson filed the present action on

August 8, 2005. (Docket No. 1.) In his appeal, Johnson presented two issues: (1) the circuit court erred in imposing a sentence of eight-years of initial confinement when this sentence greatly exceeded the recommendation of the presentence report and the victim's wishes and the reasons for the sentence were not adequately explained by the trial court; and (2) the circuit court erred in failing to consider certain mitigating factors such as the death of Johnson's daughter, his medical problems, and the fact that state law had been changed so as to reduce the maximum penalty available for his crime. (Ans. Ex. D.)

**STANDARD OF REVIEW**

Where the state court adjudicates the merits of a petitioner's claim, this court may grant habeas corpus relief if the state court decision:

> (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As the Supreme Court explained in Williams v. Taylor, § 2254(d)(1) establishes two independent grounds on which a federal court can grant habeas corpus relief: (1) if a state court decision is "contrary to" clearly established federal law, as determined by the Supreme Court, or (2) if a state court decision involves an "unreasonable application" of clearly established federal law, as determined by the Supreme Court. 529 U.S. 362, 404-05 (2000); see also Washington v. Smith, 219 F.3d 620, 627-28 (7th Cir.2000). The "contrary to" standard requires a state court decision to be "substantially different from the relevant precedent of [the Supreme Court]." Williams, 529 U.S. at 405. For example, a state court decision applying a rule that contradicts the governing law set forth by the Supreme Court would qualify, as would a decision that involves a set of facts materially

indistinguishable from a Supreme Court case that arrives at a different result. Id. at 405-06. By contrast, a state court decision that draws from Supreme Court precedent the correct legal rule and applies it in a factually distinguishable situation will not satisfy the "contrary to" standard, no matter how misguided the decision's ultimate conclusion. Id. at 406-07.

Under the "unreasonable application" prong of (d)(1), relief may be granted if the petitioner shows that, despite identifying the correct rule of law, the state court unreasonably applied it to the facts of the case. Williams, 529 U.S. at 404. An unreasonable application of federal law, however, is different from the incorrect or erroneous application of federal law. Boss v. Pierce, 263 F.3d 734, 739 (7th Cir. 2001) (citing Williams, 529 U.S. at 410). A federal court simply disagreeing with the state court decision does not warrant habeas relief-the decision's application of Supreme Court precedent must be so erroneous as to be objectively unreasonable. Middleton v. McNeil, 541 U.S. 433, 436 (2004); Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

Under § 2254(d)(2), relief may be had where the petitioner demonstrates that the state court made an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Here again, an unreasonable determination is more than a determination that is simply incorrect or erroneous. Moreover, state court factual determinations are presumed correct, and the petitioner has the burden of rebutting the presumption of correctness by "clear and convincing evidence." § 2254(e)(1). Rice v. Collins, 546 U.S. 333, 339 (2006) (citing Miller-El v. Dretke, 545 U.S. 231, 240 (2005)). With these standards in mind, the court will turn now to the claims raised by the petitioner.

**ANALYSIS**

In his present petition, Johnson raises four grounds for relief: (1) the circuit court erroneously exercised its discretion in sentencing; (2) the circuit court abused its discretion in denying his motion for post-conviction relief; (3) the circuit court's failure to consider certain

mitigating factors was a Due Process violation; (4) the jury should have been permitted to consider the charge of injury by negligent use of a dangerous weapon.

Johnson failed to present grounds (3) and (4) to the Wisconsin Court of Appeals and therefore is precluded from raising them in his present petition. See 28 U.S.C. § 2254(b)(1)(A) and (c); Rose v. Lundy, 455 U.S. 509, 521 (1982). Thus, Johnson's petition is a mixed petition and ordinarily, the "court must dismiss habeas petitions containing both unexhausted and exhausted claims." Lundy, 455 U.S. at 522. However, in light of the one-year statute of limitations imposed upon petitioners' dismissing Johnson's petition would result in Johnson forever forfeiting his ability to pursue his exhausted claims. Rhines v. Weber, 544 U.S. 269, 275 (2005). Therefore, the court may stay the federal court proceedings to permit a petitioner to exhaust his state court remedies but only if a petitioner has demonstrated good cause for the petitioner's failure to exhaust state remedies. Id. at 277. Alternatively, the court may permit a petitioner to withdraw his unexhausted claims and proceed only with is exhausted claims. See Lundy, 455 U.S. at 520 ("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims.").

The petitioner has failed to demonstrate good cause for his failure to exhaust state court remedies with respect to his third and fourth claims for relief and therefore the court finds that it would be inappropriate to stay Johnson's petition to permit him to return to state court to exhaust these claims. Therefore, the court shall deny these claims for Johnson's failure to exhaust state remedies and shall turn to the two claims for which Johnson has exhausted his state remedies.

In both of these claims, Johnson alleges that the circuit court abused its discretion, first in sentencing him and second in refusing to modify his sentence. Neither of these claims presents a federal constitutional question. In fact, at no point did Johnson present a federal constitutional argument to the state courts in his appeal. Rather, the arguments that Johnson made on appeal and

to this court are entirely matters of state law and thus are beyond the scope of a federal court's authority in reviewing a state prisoner's petition for a writ of habeas corpus. Therefore, the court must deny Johnson's petition as to these claims.

**IT IS THEREFORE ORDERED** that Johnson's petition for a writ of habeas corpus is **denied**. The clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 12th day of February, 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
